Billings v. Railroad Co.

MARY C. BILLINGS V. THE KANSAS CITY-LEAVEN-
WORTH RAILROAD COMPANY. ·

No. 14,465.   (83 Pac. 1115.)

1. DAMAGES — *Death by Wrongful Act* — *Evidence.*  Where an
ordinance required railroad-tracks to be constructed level
with established street grades, but there was no proof of the
violation of the ordinance, it was held not error, in a per-
sonal-injury case, to exclude testimony that defendant's track
was above the surface of the street.

2. ———— *Violation of Speed Ordinance.*  The provisions of an
ordinance regulating the speed at which cars should be oper-
ated were said to refer to ordinary operation, and not to ex-
ceptional acts in clearing the tracks of snow.

Error from Leavenworth district court; JAMES H.
GILLPATRICK, judge.  Opinion filed February 10, 1906.
Affirmed.

*Fenlon & Fenlon,* and *Waggener, Doster & Orr,* for
plaintiff in error.

*Atwood & Hooper,* for defendant in error.

*Per Curiam:*  The verdict of the jury was against
Mary C. Billings, who claimed damages from the
Kansas City-Leavenworth Railroad Company, now
known as the Kansas City Western Railroad Com-
pany, for the death of her son, who was killed in a
railway accident.  The offer of testimony to the effect
that the track of the railway was above the surface of
the street was not material, and its exclusion was not
error.  The ordinance of the city required that the
tracks of the railway should be constructed at the same
level as the established grades of the street, but as
there was no testimony of the violation of that ordi-
nance that question was not in the case.  None of the
rulings upon the admission of testimony appear to be
prejudicial error, nor can we say that the remarks
made by the trial judge of which complaint is made
furnish a ground for reversal.  The instructions ap-

pear to have fairly presented the case to the jury. The matter of excessive speed was submitted, and the jury were rightly told that the provisions of the city ordinance as to the speed at which cars should be operated had reference to the ordinary operation, and had no application to the exceptional acts of the company in clearing its tracks of snow. An examination of the criticisms of the instructions given and refused shows that no material error was committed in charging the jury, nor is any reason seen why the motion for a new trial should have been allowed.

The judgment is affirmed.